# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

BANMAN LIPPELMANN, LLC, CURTIS
MCGHEE, JERRY DAVIS, KIM WOHLHUETER,
LUKE HOFACKER, PHILIP WHITMORE,
RAJINIKANTH GURUSANKARNATH,
RAPHAEL OSPINA, TONY KAWAGUCHI,
ROBERT C. GREGG AND CHRISTINE L.
GREGG TRUST, ROBERT WELENOFSKY,
PATRICK SELLENRAAD, CHARLES
TIMOTHY SWEENEY, KELLY THERIAULT,
MATTHEW GWALTNEY AND COTTONWOOD
RESOURCES, LLC

                        *Petitioners*,

            -v-

LIPPELMANN PARTNERS, LLC and
JASON GILBERT,
                   *Respondents.,*

Civ. Case No. 1:25-cv-3655-MKV

---

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT JASON GILBERT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(1), (2) and (5).**

**PARDALIS & NOHAVICKA LLP**

950 Third Avenue, 11th Floor
New York, NY 10022
(212) 213-8511
Eleni@pnlawyers.com

*Attorneys for Respondent Jason Gilbert*

*Of counsel:*
Eleni Melekou

## TABLE OF CONTENTS

**TABLE OF CONTENTS**.................................................................................................i

**TABLE OF AUTHORITIES**……………………………………………………………ii

**PRELIMINARY STATEMENT** ...............................................................................1

**ARGUMENT** ...............................................................................................................2

   I.   LEGAL STANDARD UNDER FED. R. CIV. P. 12(B)(1) ...............................................2

   II.   THE COURT HAS NO SUBJECT MATTER JURISDICTION TO CONFIRM THE ARBITRAL AWARD. 3

   III.  SERVICE OF PROCESS WAS IMPROPER TO A WRONG ADDRESS ................................9

     *i.*   ***The Court Lacks Personal Jurisdiction over Respondent Gilbert***...............................9

**CONCLUSION** .........................................................................................................15

**LOCAL CIVIL RULE 7.1 (C) CERTIFICATE** ...................................................16

# TABLE OF AUTHORITIES

CASES

*Advani Enter., Inc. v. Underwriters at Lloyd*s,
  140 F.3d 157 (2d Cir.1998) ............................................................................................5

*Allianz Ins. Co. v. Otero,*
  353 F. Supp. 2d 415 (S.D.N.Y. 2004) ...........................................................................13

*APWU v. Potter,*
  343 F.3d 619 (2d Cir. 2003) ............................................................................................7

*Bacher v. Boehringer Ingelheim Pharms., Inc*.,
  110 F.4th 95 (2d Cir. 2024). ...........................................................................................2

*Badgerow v Walters*,
  596 US 1 (2022) ..............................................................................................................4

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
  171 F.3d 779 (2d Cir.1999) .............................................................................................9

*Barnes v. City of New York,*
  51 N.Y.2d 906 (1980) ....................................................................................................11

*Bay Shore Union Free Sch. Dist. v. Kain,*
  485 F.3d 730 (2d Cir. 2007).............................................................................................3

*Behrens v. JPMorgan Chase Bank, N.A.,*
  96 F.4th 202 (2d Cir. 2024) .............................................................................................3

*Bey v. U.S. Postal Serv*.,
  2005 WL 2923516 (S.D.N.Y. Nov.4, 2005). ...................................................................9

*Blue Ocean Lines v. Universal Process Equip., Inc.,*
  1993 WL 403961 (S.D.N.Y. Oct.7, 1993)........................................................................9

*BNSF Ry. Co. v Tyrrell,*
  581 US 402 (2017) ...........................................................................................................9

*Bruccoleri v. Gangemi,*
  2019 WL 499769 (E.D.N.Y. Feb. 8, 2019) ......................................................................8

*Caterpillar Inc. v. Williams,*
  482 U.S. 386 (1987). ........................................................................................................4

*City of New York v. Fleet Gen. Ins. Grp*.,
  2024 WL 3517856 (2d Cir. July 24, 2024)......................................................................6

*Colavito v. N.Y. Organ Donor Network, Inc.,*
  438 F.3d 214 (2d Cir. 2006).............................................................................................5

*Conyers v. Rossides*,
    558 F.3d 137 (2d Cir. 2009)..........................................................................................................2

*Correspondent Servs. Corp. v. First Equities Corp. of Fla.*,
    442 F.3d 767 (2d Cir. 2006)..........................................................................................................5

*Curley v. Brignoli, Curley & Roberts Assocs.*,
    915 F.2d 81 (2d Cir. 1990).............................................................................................................2

*d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*,
    886 F.3d 216 (2d Cir. 2018)..........................................................................................................6

*Da Silva v. Kinsho Int'l Corp.*,
    229 F.3d 358 (2d Cir. 2000)..........................................................................................................2

*Empire Healthchoice Assur., Inc. v. McVeigh*,
    547 U.S. 677 (2006) ......................................................................................................................3

*Estate of Waterman v. Jones*,
    46 A.D.3d 63 (2d Dep't 2007).....................................................................................................11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005) ......................................................................................................................6

*Feinstein v. Bergner*,
    48 N.Y.2d 234 (1979)..................................................................................................................12

*Freedom Mortg. Corp. v. Monteleone*,
    628 F. Supp. 3d 455 (E.D.N.Y. 2022)........................................................................................10

*Gravitas Search Partners LLC v Deutsch*,
    2025 WL 2243720 (SDNY Aug. 6, 2025)...................................................................................11

*Green v Bank of Am. Merrill Lynch*,
    2025 WL 1378193 (2d Cir May 13, 2025) ...................................................................................4

*Grupo Dataflux v. Atlas Glob. Grp.*, L.P.,
    541 U.S. 567(2004) .......................................................................................................................6

*Gunthorpes v. IM. Grp., LLC*,
    2023 WL 2607628 (EDNY Mar. 23, 2023). ...............................................................................14

*Gutierrez v. Fox*,
    141 F.3d 425 (2d Cir. 1998)..........................................................................................................2

*Hall St. Assoc., L.L.C. v Mattel, Inc.*,
    552 U.S. 576 (2008) ......................................................................................................................4

*Herrick Co., Inc. v SCS Communications, Inc.*,
    251 F3d 315 (2d Cir 2001) ...........................................................................................................5

*J.S. ex rel. N.S. v. Attica Cent. Sch.,*
   386 F.3d 107 (2d Cir. 2004)...................................................................................................7

*Jordan v Pierre,*
   2019 WL 2461721 (SDNY May 28, 2019) ...........................................................................11

*Keene Corp. v. United States,*
   508 U.S. 200 (1993) ...............................................................................................................6

*Lawrence Moskowitz CLU Ltd. v ALP, Inc.,*
   830 Fed Appx 50 (2d Cir 2020)...............................................................................................7

*Leviton v Unger,*
   56 A.D.3d 731(2d Dep't 2008).............................................................................................11

*Lian Qing Yu v. 58 Asian Corp.,*
   2018 WL 1415214 (S.D.N.Y. Mar. 20, 2018).......................................................................9

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,*
   673 F.3d 50 (2d Cir. 2012) .....................................................................................................9

*Makarova v. U.S.,*
   201 F.3d 110 (2d Cir. 2000)....................................................................................................2

*Malkin v Shasha as co-Tr. of Violet Shuker Shasha Tr.,*
   2023 WL 3012381 (2d Cir Apr. 20, 2023). ...........................................................................4

*Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford,*
   711 F.2d 501 (2d Cir. 1983)....................................................................................................3

*McNutt v. General Motors Acceptance Corp.,*
   298 U.S. 178 (1936) ...........................................................................................................5, 6

*McSorley v. Spear,*
   50 A.D.3d 652 (2d Dep't 2008)............................................................................................11

*Metro. Life Ins. Co. v. Robertson–Ceco Corp.,*
   84 F.3d 560 (2d Cir.1996). .....................................................................................................8

*Mississippi Publishing Corp. v. Murphree,*
   326 U.S. 438 (1946); ..............................................................................................................9

*Montalbano v. Easco Hand Tools, Inc.,*
   766 F.2d 737 (2d Cir. 1985)..................................................................................................10

*Murphy Bros., Inc. v Michetti Pipe Stringing, Inc.,*
   526 U.S. 344 (1999) ...............................................................................................................9

*Newman-Green, Inc. v. Alfonzo-Larrain,*
   490 U.S. 826 (1989) ...............................................................................................................7

*Nowak v. Ironworkers Loc. 6 Pension Fund*,
  81 F.3d 1182 (2d Cir. 1996)........................................................................................................4

*O'Connell v. Post*,
  27 A.D.3d 630 (2d Dep't 2006)...................................................................................................11

*Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*,
  301 F.3d 54 (2d Cir. 2002) ........................................................................................................10

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987); .....................................................................................................................9

*Owen Equipment & Erection Co. v. Kroger*,
  437 U.S. 365 (1978) ..................................................................................................................2, 6

*Palazzo ex rel. Delmage v. Corio*,
  232 F.3d 38 (2d Cir. 2000) ...........................................................................................................7

*Phoenix Four, Inc. v. Strategic Rsch. Corp.*,
  446 F. Supp. 2d 205 (S.D.N.Y. 2006) ..........................................................................................6

*Rapp v. Flower*,
  2022 WL 2037682 (S.D.N.Y. June 6, 2022)..................................................................................7

*Raymond Loubier Irrevocable Tr. v. Loubier*,
  858 F.3d 719 (2d Cir. 2017)..........................................................................................................5

*Royal Canin U. S. A., Inc. v. Wullschleger*,
  604 U.S. 22 (2025). .......................................................................................................................2

*Sartor v. Toussaint*,
  70 F. App'x 11(2d Cir. 2002). .....................................................................................................11

*Simon Prop. Grp. v. U.S. Bank Nat'l Ass'n*,
  2022 WL 2473341 (S.D.N.Y. July 6, 2022) ..................................................................................6

*Swayze v. LaFontant*,
  2022 WL 2209148 (S.D.N.Y. June 21, 2022). ..............................................................................9

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
  752 F.3d 239 (2d Cir. 2014)..........................................................................................................7

*Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*,
  525 F. Supp. 3d 482 (S.D.N.Y. 2021)...........................................................................................3

*United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*,
  30 F.3d 298 (2d Cir. 1994) ...........................................................................................................3

*United States v Veeraswamy*,
  765 F Supp 3d 168 (E.D.N.Y. 2025) ...........................................................................................11

*Wis. Dep't of Corr. v. Schacht,*
    524 U.S. 381 (1998) ........................................................................................................5

*Zapata v. City of New York,*
    502 F.3d 192 (2d Cir. 2007)..........................................................................................10

S̲TATUTES

12(a)(1)(A). .........................................................................................................................2,9

28 U.S.C. § 1331 .............................................................................................................. 2, 3, 4

28 U.S.C. § 1332 ................................................................................................................. 1, 5

28 U.S.C. § 1332(a) ................................................................................................................5

28 U.S.C. 1746(2) ..................................................................................................................7

C.P.L.R. 308(4) ....................................................................................................................11

CPLR § 308 ..........................................................................................................................10

CPLR § 308(1) ................................................................................................................ 10, 12

CPLR § 308(2)................................................................................................................. 10, 12

CPLR § 308(4)............................................................................................................ 10, 11, 14

Fed. R. Civ. P. 4(a) ................................................................................................................9

Fed. R.Civ. P. 4(e)(2)(B). ......................................................................................................10

Fed. R. Civ. P. 12(b)(1)...........................................................................................................2

Fed. R. Civ. P. 12(b)(2)..................................................................................................... 1,2,10

Fed. R. Civ. P.12(b)(5).......................................................................................................1, 10

## PRELIMINARY STATEMENT

Respondent, Jason Gilbert ("Gilbert" or "Respondent"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Second Amended Petition to Confirm and Enforce Arbitration Award (ECF #10; the "Petition"), pursuant to Fed. R. Civ. P. 12 (b)(1), (2) and (5).

Petitioners allege that they were all investors or former members in Lippelmann Partners, LLC. (Pet ¶20), who alleged misconduct by Respondents Jason Gilbert and Lippelmann Partners (Pet. ¶28). Petitioner's claims were pursued in a AAA arbitration (Case No. 01-22-0004-8287), venued in New York, pursuant to an arbitration clause in the company's Third Amended and Restated Operating Agreement. (Pet. ¶¶31-32) The Petitioners contend that on January 29, 2025, the arbitrator, Eli R. Mattioli, issued a Final Award of $954,225.00 to Petitioners as compensatory damages with interest at 5% plus attorney's fees and costs. (Pet. ¶¶35-36), Now, by way of the Federal Arbitration Act, the Petitioners seek confirmation of the arbitration award. (Pet. ¶¶35-41)

While the Petition seeks to invoke subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000, in accordance with under 28 U.S.C. § 1332 (Pet. ¶22), Petitioners can not meet their burden of establishing complete diversity. because Respondent Gilbert and the lead Petitioner are now and were at commencement of this proceeding both citizens of Texas. —This alone defeats complete diversity and mandates dismissal of the Petition for lack of subject matter jurisdiction.

In the alternative, as demonstrated below, service on Respondent was legally insufficient to confer personal jurisdiction. The purported service was made at an address where Respondent no longer resides, rendering it defective under Fed. R. Civ. P.  12(b)(5) and well-settled case law

of the Second Circuit. Accordingly, the Court should also dismiss the Petition pursuant to Fed. R. Civ. P. Rule 12(b)(2) for lack of service, depriving the Court of personal jurisdiction.

**ARGUMENT**

## I.  Legal Standard under Fed. R. Civ. P. 12(b)(1)

It is well settled that federal courts are courts of limited jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Bacher v. Boehringer Ingelheim Pharms., Inc.*, 110 F.4th 95, 97 (2d Cir. 2024). "[S]ubject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it, or any relief would be void. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000); *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). Here, the Court should dismiss the Petition as it lacks both constitutional and statutory power to adjudicate it. Accordingly, any order entered by this Court that determined Petitioners' claims or awarded any relief to the Petitioners. would be a nullity. *See Gutierrez v. Fox,* 141 F.3d 425, 426 (2d Cir. 1998) ("Without jurisdiction, any decision or ruling by the court would be a nullity.").

The limited subject matter jurisdiction of the federal district courts is set forth generally in 28 U.S.C. §§ 1331 and 1332. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Critically, the party invoking federal jurisdiction bears the burden of showing that jurisdiction exists. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Consistent with that principle, any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. *United Food & Com. Workers Union, Loc. 919, AFL-CIO*

*v. CenterMark Prop. Meriden Square, Inc., 3*0 F.3d 298, 301 (2d Cir. 1994); *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

Here, erroneous assertions of complete diversity are the sole basis upon which the Petitioners invoke federal subject matter jurisdiction. (Pet. ¶ 22). However, complete diversity does not exist and accordingly Petitioners have not and can not meet their burden of establishing complete diversity, as required. Indeed, Petitioners' vague, self-serving assertions in their pleadings do not meet the evidentiary standard necessary to invoke this Court's subject-matter jurisdiction when, as here, it has been brought into question. Accordingly, once the Court determines that complete diversity is lacking, dismissal is warranted. *Behrens v. JPMorgan Chase Bank, N.A.,* 96 F.4th 202, 207 (2d Cir. 2024) *citing* Fed. R. Civ. P. 12(h)(3); *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 496 (S.D.N.Y. 2021).

## II.    The Court has no Subject Matter Jurisdiction to Confirm the Arbitral Award.

Pursuant to 28 U.S.C. §§ 1331 and 1332, a federal district court has jurisdiction only when a "federal question" is presented or when complete diversity exists such that plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007), *quoting Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). This is not such a case.

Mere invocation of federal jurisdiction, as here, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund,* 81 F.3d 1182, 1188-89 (2d Cir. 1996). As a matter of law,

> the FAA authorizes parties to arbitration agreements to file specified actions in federal court—most prominently, petitions to compel arbitration (under Section 4) and applications to confirm, vacate, or modify arbitral awards (under Sections 9 through 11).  But those provisions, this Court has held, do not themselves support federal jurisdiction. (Were it otherwise, every arbitration in the country, however distant from federal concerns, could wind up in federal district court.) <u>A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.</u>'

*Badgerow v Walters*, 596 US 1, 8, (2022), c*iting and quoting Hall St. Assoc., L.L.C. v Mattel, Inc*., 552 U.S. 576, 581-582 (2008 (parenthetical in original) (emphasis added).  When, as here, a Petition is brought to a district court that "fails to present an independent basis for subject matter jurisdiction," the Petition and related proceedings must be dismissed on jurisdictional grounds. *Malkin v Shasha as co-Tr. of Violet Shuker Shasha Tr.*, 2023 WL 3012381, at *1 (2d Cir Apr. 20, 2023).

Here, nothing in the subject Petition suggests a viable claim under federal law. Petitioners do not plausibly allege federal-question jurisdiction under 28 U.S.C. § 1331. Consequently, subject-matter jurisdiction under § 1331 does not exist here as no federal question is presented on the face of the petition. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Quite recently, relying on *Badgerow,* the Second Circuit addressed issues related to those at hand, holding that "the FAA's 'authorization of a petition does not itself create jurisdiction.' 'Rather, the federal court must have what [the Supreme Court] ha[s] called an 'independent jurisdictional basis' to resolve the matter.'" *Green v Bank of Am. Merrill Lynch*, 2025 WL 1378193, at *1 (2d Cir May 13, 2025), quoting *Badgerow,* 596 U.S. at 4 (*quoting Hall Street*, 552 U.S. at 582). Under such circumstances, the

Second Circuit found that "[t]he district court was correct that it lacked an independent jurisdictional basis" when as here, the Petition does not allege "that federal law" apart from the FAA "entitle[d] [him] to relief." *Id.* at *2, *citing Badgerow*, 596 U.S. at 9. Indeed, "an arbitral award 'is no more than a contractual resolution of the parties' dispute—a way of settling legal claims,' and 'quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts.'" *Id*., *quoting Badgerow*, *supra* at 9. "Where, as here, a Section 9 or 10 petition 'raise[s] claims between non-diverse parties involving state law,' the petition belongs in state, not federal court." *Id., quoting* Badgerow, *supra* at 18.

The burden rests with the Petitioners to establish that the existence of diversity jurisdiction. Indeed, "[i]t is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Herrick Co., Inc. v SCS Communications, Inc*., 251 F3d 315, 322-23 (2d Cir 2001), *quoting Advani Enter., Inc. v. Underwriters at Lloyd*s, 140 F.3d 157, 160 (2d Cir.1998) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). To establish diversity jurisdiction, the Petitioners must prove that *all* of them are citizens of different states from *all* of the Respondents. *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 388 (1998); *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017); *Herrick Co. Inc.,* 251 F.3d at 322. Additionally, the plaintiff must allege to a "reasonable probability" that the claim is iexceeds the statutory jurisdictional amount (currently $75,000.00), 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc*., 438 F.3d 214, 221 (2d Cir. 2006); *Correspondent Servs. Corp. v. First Equities Corp. of Fla.,* 442 F.3d 767, 769 (2d Cir. 2006).

There must also be complete diversity of citizenship.as diversity provides a basis for subject matter jurisdiction only when *all* adverse parties to a litigation are completely diverse in their

citizenships. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). *See also Herrick Co., Inc., supr*a.  Where, as here, "a single defendant is from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action."  *Phoenix Four, Inc. v. Strategic Rsch. Corp*., 446 F. Supp. 2d 205, 212 (S.D.N.Y. 2006) *citing Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005).

Here, despite the unadorned allegations in the Petition, Respondent Gilbert is now, and was at the time of commencement of this proceeding, a citizen of Texas. (Ex. A-E; Gilbert Decl. ¶¶12, 24, 25). This is the same state that lead Petitioner Banman Lippelmann LLC and its sole member David Banman are citizens of. (Pet. ¶2). Accordingly, as adverse parties are citizens of the same state, complete diversity of citizenship is lacking, depriving this Court of subject-matter jurisdiction and mandating dismissal.

Diversity of citizenship must have existed at the time the action commenced. *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 571 (2004). "When a defendant challenges the jurisdictional facts supporting a federal court's subject-matter jurisdiction, it is incumbent upon the party seeking to invoke the court's jurisdiction to present 'competent proof' that jurisdiction existed at the time the complaint was filed." *City of New York v. Fleet Gen. Ins. Grp*., 2024 WL 3517856, at *2 (2d Cir. July 24, 2024), *quoting McNutt,* supra, and *citing Grupo Dataflux, supra.*; *See also, d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.,* 886 F.3d 216, 226 (2d Cir. 2018), *quoting Grupo Dataflux*, *supra* at 570 ("[A] party's citizenship is analyzed at the time the suit is filed, ... not at the time of a contract underlying the suit."); *Simon Prop. Grp. v. U.S. Bank Nat'l Ass'n,* 2022 WL 2473341, at *3 (S.D.N.Y. July 6, 2022), *quoting Keene Corp. v. United States,* 508 U.S. 200, 207 (1993) ("It has long been recognized that the jurisdiction of a federal court 'depends upon

the state of things at the time of the action brought.'" Here, Respondent Gilbert was a citizen of Texas at the time the Petition was filed to commence these proceedings.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  An individual is domiciled in the most recent place where he physically resided and intended to remain. *Palazzo, supra* at 42, *citing Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998). "A party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence." *Lawrence Moskowitz CLU Ltd. v ALP, Inc.*, 830 Fed Appx 50, 51 (2d Cir 2020), *quoting Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)

In support of this motion, Respondent Gilbert properly submits a Declaration, pursuant to 28 U.S.C. 1746(2), with supporting documents that establishes, in evidentiary form, that at commencement of this proceeding, Respondent Gilbert had relocated to and became a citizen of Texas. "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014). *See also; J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004); *APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003).

Critically, the "general rule in the Second Circuit has been that a sworn statement regarding citizenship is, by itself, a strong factor in favor of a similar judicial finding." *Rapp v. Flower*, 2022 WL 2037682, at *3 (S.D.N.Y. June 6, 2022). *See also Bruccoleri v. Gangemi,* 2019 WL 499769,

at *2 (E.D.N.Y. Feb. 8, 2019) ("[A] person's sworn declaration of their domicile is prima facie proof of domicile for diversity purposes").

 For purposes of establishing diversity jurisdiction, it is evident that Respondent is not a citizen of Florida and had abandoned such citizenship prior to the commencement of this proceeding in his relocation to Texas. Mr. Gilbert vacated his Florida apartment on February 9, 2025, after residing there from February 1, 2023, and has not leased or owned any other property in Florida since. (Glowa Aff. ¶3). Indeed, Respondent has established domicile in Texas, where he now resides in a townhouse he leased in Dallas on October 23, 2024. (Gilbert Decl. ¶12). Moreover, Mr. Gilbert left Florida to offer consulting services in Texas within the Texas oil industry. (Gilbert Decl. ¶17). Mr. Gilbert has furnished his leased apartment with furniture he purchased and had delivered to the Texas residence. (Gilbert Decl. ¶14). Moreover. The Respondent has internet access at the Dallas, Texas apartment registered to himself. (Gilbert Decl. ¶15). Furthermore, the Respondent receives medical bills at his Dallas domicile. Notably, Mr. Gilbert received official correspondence at his Dallas domicile, from the Office of Supervisor of Elections of Miami-Dade County, Florida, addressing his address change. These facts confirm both the physical relocation and the requisite intent to remain indefinitely in Texas. Petitioners can offer no evidence to the contrary and instead rely solely on outdated references to a former address.

Since Respondent Gilbert is a citizen of Texas, the same state where one of the Respondents is a citizen, complete diversity does not exist among the parties. Therefore, the Court should grant the instant motion to dismiss for lack of subject matter jurisdiction.

### III. Service of Process Was Improper to a Wrong Address

A plaintiff bears the burden of showing that the court has personal jurisdiction over each defendant. *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996). "When

the defendant challenges the sufficiency of service of process," it is well-established that "the burden of proof is on the plaintiff to show the adequacy of service." *Blue Ocean Lines v. Universal Process Equip., Inc.*, 1993 WL 403961, at *4 (S.D.N.Y. Oct.7, 1993) (internal citation omitted); *accord Bey v. U.S. Postal Serv.*, 2005 WL 2923516, at * 1 (S.D.N.Y. Nov.4, 2005). Where, as here, there has been no discovery on jurisdictional issues, the court may rely solely on the parties' pleadings, affidavits and other evidence submitted by the parties. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999).

It is well-settled that proper service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction. *BNSF Ry. Co. v Tyrrell,* 581 US 402 (2017); *Lian Qing Yu v. 58 Asian Corp.,* 2018 WL 1415214, at *1 (S.D.N.Y. Mar. 20, 2018). In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *Murphy Bros., Inc. v Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-51 (1999) *citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445, (1946); Fed. R, Civ. P. 4(a), 12(a)(1)(A). Serving a defendant at his former dwelling, even if the mistake was reasonable, is improper service. *Swayze v. LaFontant*, 2022 WL 2209148, at *3 (S.D.N.Y. June 21, 2022).

i.    **The Court Lacks Personal Jurisdiction over Respondent Gilbert**

The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

"In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc*., 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Id*. Here, service of process on Gilbert was improper procedurally and substantively. Accordingly, the Court should either dismiss this action for lack of personal jurisdiction or quash the invalid service made on the defendant. *Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007); *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir. 1985); *Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 461 (E.D.N.Y. 2022).

Service of process may be completed by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R.Civ.P. 4(e)(2)(B).

Petitioners' purported service under CPLR § 308(4) is defective and cannot confer jurisdiction over Respondent. That section explicitly requires affixation of the summons and complaint to the door of Respondent's "dwelling place" or "usual place of abode," and mailing to Respondent's "last known residence." Yet Petitioners failed to satisfy either statutory requirement.

Petitioners' attempted service of process is defective and must be set aside under Fed. R. Civ. P. 12(b)(5) because they failed to comply with the due diligence requirement of CPLR § 308(4). That provision permits "nail and mail" service **only** after the process server has exercised *due diligence* in attempting to personally serve the respondent pursuant to CPLR § 308(1) or (2). New York courts have not established a rigid or per se standard for what constitutes "due diligence" under CPLR § 308. On the law, "'[n]ail and mail' service is permitted only if personal service cannot be accomplished 'with due diligence.'" *Gravitas Search Partners LLC v Deutsch*,

2025 WL 2243720, at *17 (SDNY Aug. 6, 2025), *quoting* CPLR 308(4).   Accordingly, "'[t]he due diligence requirement of C.P.L.R. 308(4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received.'" *Id., quoting Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002). *See also McSorley v. Spear*, 50 A.D.3d 652, 653 (2d Dep't 2008). "Courts make the due diligence determination 'on a case by case basis after considering the totality of the circumstances,' with emphasis on the 'quality' of the process server's efforts." *Id., quoting United States v Veeraswamy*, 765 F Supp 3d 168, 192 (E.D.N.Y. 2025). *See also Barnes v. City of New York,* 51 N.Y.2d 906, 907 (1980); *Estate of Waterman v. Jones*, 46 A.D.3d 63, 66 (2d Dep't 2007).

That said, courts strictly construe the due diligence requirement of CPLR 308(4), given the inherently lower likelihood that service effected under this section will result in actual notice.). In assessing whether due diligence has been met, the focus is not on the number of attempts at personal service, but rather on the nature and quality of those efforts. Id. Notably, failed attempts to serve a party at a residence will typically not satisfy due diligence unless there is also evidence that the process server attempted to determine the person's place of employment. *See Jordan v Pierre*, 2019 WL 2461721, at *1 (SDNY May 28, 2019), *citing Leviton v Unger*, 56 A.D.3d 731, 732 (2d Dep't 2008); *O'Connell v. Post*, 27 A.D.3d 630, 631 (2d Dep't 2006).

Here, Petitioners' process server alleged he visited the vicinity of the building in Florida where he was instructed to serve Respondent. Based on the process server's own representations, he never accessed the gated community that he targeted for service on three occasions.  (ECF 21) Such attempts are insufficient to establish due diligence because they do not reflect any actual effort to reach the respondent at the residence or to verify whether he continued to reside there. Indeed, there is no recorded effort to contact the Respondent to confirm residence or place of

employment. Moreover, on none of those three visits did the process server actually knock on Mr. Gilbert's door or ring a doorbell – as he did not go past the gate or wait for access.

According to the process server, the fourth attempt—on June 4, 2025—involved posting the documents after speaking to an unnamed "neighbor" – in a gated community with no indication where in the community that person allegedly lived or how the person knew the Respondent, or where in the community the unnamed "neighbor" resided with respect to the address then targeted for the Respondent- was factually incorrect and wholly unreliable. Respondent had vacated the property four months earlier, on February 9, 2025, and his former landlord has since leased the unit to an unrelated third party. (Glowa Aff. ¶4) The process server made no effort to confirm whether the respondent still lived there and did not even identify the neighbor who provided the alleged confirmation. At best for the Petitioners, on their process server affixed process to an address where Respondent no longer resided—having moved to Texas on February 9, 2025—without first exercising the due diligence required to effectuate personal service under CPLR § 308(1) or (2). Petitioners' only alleged basis for service at that location stems from hearsay conversations with a neighbor whose name has not been disclosed, not from any reasonable inquiry into Respondent's current residence. Moreover, it remains unclear whether Petitioners even mailed the summons and complaint, and if they did, it was sent to the wrong address.

This scenario mirrors the defective service in *Feinstein v. Bergner*, 48 N.Y.2d 234 (1979), where service was found invalid because the summons and complaint, though mailed to the defendant's last known residence, were affixed to an address that was no longer his actual dwelling. As the Court of Appeals emphasized, CPLR § 308(4) must be strictly construed and each step of service must occur at the specifically designated place. The mere fact that a defendant receives

actual notice is irrelevant: "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *Id*. at 240–41.

Petitioners' reliance on an alleged – yet wholly unidentified neighbor's vague, uncorroborated statement fails to satisfy the due diligence requirement. For example, in *Allianz Ins. Co. v. Otero*, 353 F. Supp. 2d 415 (S.D.N.Y. 2004),  due diligence was found where the process server spoke to an identified  neighbor who affirmatively and correctly confirmed the defendant's current residence – but was unable to "divulge" defendant's place of employment. That is not the case here. Critically, the putative "neighbor" the process server references is wholly unidentified. Moreover, no inquiry was made concerning employment or other leads, And, importantly, unlike in *Otero*, her the unidentified "neighbor" was wholly incorrect about Respondent's residence status. Respondent no longer lived there and had not for nearly 6 months.

Moreover, in *Otero,* while they objected to the method of process service, the defendants conceded the veracity of the affidavit of service, and also elected not to make a pre-answer motion, instead pleading a jurisdictional affirmative defense to preserve.  Of significant note, unlike here, in *Otero,* the defendants did not deny that the address where the summons and complaint were "nailed" was their "dwelling place" or "abode" Rather, they alleged that they did not spend weekends at the service address – and sought to use that factor to defeat the accuracy of the location.

Here, Petitioners have not and can not establish that the premises where they allegedly "nailed" the Petition was Respondent's "dwelling place or usual place of abode" at the time of service. Consequently, jurisdiction has not been obtained and the Petition should be dismissed.

Any attempt by Petitioners to justify service by pointing to outdated or incorrect address information is without a valid basis. There is no other factual basis to establish that the 3266 Bird Avenue address where service was allegedly attempted was, at the time of commencement, or of

alleged efforts at service, was Mr. Gilbert's actual place of business or actual dwelling. (Gilbert Dec. ¶¶8-11,19). The Petitioners' assertions regarding Gilbert's residence based solely on prior deposition testimony addressing a prior point in time does not satisfy CPLR § 308(4). Service is defective where, as here, Petitioners fail to show that the address used was Respondent's dwelling or usual place of abode at the time of service, and where no further steps were taken to verify the current residence.

This is directly analogous to *Perez v. Exquisito Restaurant Inc*., 2025 WL 630138, at *4 (EDNY Feb. 27, 2025), where the court rejected an attempt to justify service based on a mismatched address and noted that such a discrepancy fails to satisfy the statutory requirements. As the *Perez* court recognized, the mere appearance of an address in corporate filings does not establish it as a valid location for service, particularly where the address used is incorrect or outdated. Petitioners' reliance on address data that fails to correspond to the actual place of business or residence is insufficient to meet their burden, and their failure to conduct a diligent inquiry into Respondent's actual location renders their service ineffective. *See also, Gunthorpes v. IM. Grp., LLC,* 2023 WL 2607628, at *3 (EDNY Mar. 23, 2023).

Respondent's Declaration offered under penalty of perjury, the affidavit of Mr. Gilbert's former landlord in Florida, and supporting documentation establish that Respondent vacated the Florida property on February 9, 2025, and moved to Dallas, Texas, with an intention to permanently relocate. Petitioners have not and can not meet their burden of proving otherwise, and their reliance solely on outdated address information used in prior proceedings is without support in law or fact.

**CONCLUSION**

For the reasons set forth above, Respondent Gilbert respectfully requests that the Court grant the instant Motion and dismiss the instant Petition for lack of subject matter jurisdiction, and, in the alternative, quash the improper service, and dismiss the Petition for lack of personal jurisdiction.

Dated: August 7, 2025

Respectfully submitted,

**PARDALIS & NOHAVICKA LLP**

*Eleni Melekou*
Eleni Melekou, Esq.
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Eleni@pnlawyers.com
*Attorneys for Respondent*
*Jason Gilbert*

Local Civil Rule 7.1 (c) Certificate

I, Eleni Melekou Esq., an attorney admitted to practice before this Court, do hereby certify that the attached document contains 4, 617 words as tabulated by word processing software, exclusive of the caption table of contents, table of authorities, and signature block, as applicable, in compliance with the word limits set forth in Local Civil Rule 7.1(c) for the Local Rules of the United States District Court for the Southern and Easter Districts of New York.

Dated: August 7, 2025

Respectfully submitted,

**PARDALIS & NOHAVICKA LLP**

*Eleni Melekou*

Eleni Melekou, Esq.
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Eleni@pnlawyers.com
*Attorneys for Respondent*
*Jason Gilbert*